# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

| | |
|---|---|
| ROLF GARCIA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No.: 2:22-cv-46 |
| vs. ) | |
| ) | |
| THE UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## COMPLAINT

ROLF GARCIA ("Plaintiff") states this Complaint against THE UNITED STATES OF AMERICA ("Defendant") as follows:

## JURISDICTION AND VENUE

1.

This Court has jurisdiction under 28 U.S.C. § 1346 and 28 U.S.C. § 2671 *et seq*.

2.

Plaintiff is a resident of Dumfries, Virginia. At the time of the incident at issue in this lawsuit, Plaintiff was a resident of 1301 Mariner Circle, St. Simons Island, Glynn County, Georgia 31522, in the Southern District of Georgia.

3.

Defendant operates an agency within the government designated as the

Transportation Security Administration ("TSA"), which falls under the U.S. Department of Homeland Security. Defendant is subject to the jurisdiction and venue of this Court. Defendant may be served by service upon David H. Estes, Acting U.S. Attorney for the Southern District of Georgia, and the Honorable Merrick B. Garland, Attorney General of the United States, unless such service is acknowledged.

4.

This action is brought pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq*.

5.

The incident injuring Plaintiff occurred on April 14, 2020. On October 6, 2021, less than two years from the incident, a tort claim was timely presented in writing to the appropriate Federal agency pursuant to 28 U.S.C. § 2401 and 28 C.F.R. § 14.2. A true and correct copy of the SF-95 Claim for Damage, Injury, or Death (excluding attachments) together with certified mail return receipts are attached as Exhibit A.[1]

6.

More than six (6) months has elapsed since the tort claim was timely and properly submitted to the appropriate Federal agency, and there has been no denial of

---

[1] Plaintiff has not included in Exhibit A the attachments submitted to the agency with the SF-95 Claim, as they total over 800 pages and include the incident report and voluminous medical records of Plaintiff. The attachments can be provided to the Defendant and/or the Court upon request.

the claim by the Federal agency.

7.

The Federal agency's failure to make final disposition of the tort claim within six months of its filing is deemed a final denial of the claim for purposes of 28 U.S.C. § 2675.

8.

Therefore, all administrative remedies required as conditions precedent to the filing of this action have been exhausted and this action is timely filed.

**FACTUAL ALLEGATIONS**

9.

This action arises out of a premises liability incident occurring on April 14, 2020, in which Plaintiff was seriously injured when he fell through the floor of a modular building/trailer being used as a classroom at the Federal Law Enforcement Training Center ("FLETC") - Glynco Campus, 712 TSA Academy, 1131 Chapel Crossing Road, Glynco, Georgia 31524 ("the Subject Location").

10.

The Subject Location is located within the Southern District of Georgia.

11.

At all relevant times, Defendant owned, operated, controlled, inspected,

and/or managed the Subject Location.

12.

On April 14, 2020, Plaintiff was working in one of the classrooms within the modular buildings/trailers at the Subject Location preparing to instruct a course.

13.

Plaintiff went into a nearby classroom located in Trailer 712 to ask a question of the instructors working in that classroom. As Plaintiff was walking out of that classroom, he stepped on a concealed hole in the floor.

14.

As a result, Plaintiff stepped through the floor and sustained serious injuries including a left knee sprain with a tear of the left acetabular labrum, left hip strain, low back pain radiating towards the left lower extremity with associated weakness, numbness, and tingling. Plaintiff has undergone multiple surgeries and has incurred over $180,000.00 in medical bills to date. Plaintiff continues to experience serious pain and limitations.

15.

Defendant's agents, employees, and/or representatives, acting within the scope of their employment, were negligent in failing to properly cover, repair, and/or mark the concealed hole in the floor of Trailer 712, leaving it in a dangerous condition.

16.

The negligence of Defendant's employees, acting within the scope of their employment, in failing to properly cover, repair, and/or mark the concealed hole is the proximate cause of Plaintiff's injuries.

## **ALLEGATIONS OF NEGLIGENCE AGAINST DEFENDANT**

17.

Plaintiff realleges and incorporates all of the allegations set forth above as if fully restated herein by this reference.

18.

At all times mentioned herein, Defendant owned, operated and/or managed the Subject Location, and had the legal duty to keep its premises and approaches safe and in a state of repair consistent with due regard of the safety of invitees, including Plaintiff.

19.

On April 14, 2020, as a TSA instructor, Plaintiff was an invitee on the premises of the Subject Location.

20.

At all times mentioned herein, pursuant to O.C.G.A. § 51-3-1, Defendant owed a duty to invitees to exercise ordinary care in keeping safe the premises and approaches

of the Subject Location.

21.

Unbeknownst to Plaintiff, the Subject Location was negligently managed, supervised, planned, designed and/or controlled and constituted a hazardous condition.

22.

Plaintiff had no prior knowledge of the defective, dangerous, and hazardous condition of the Subject Location including with respect to the covering and marking of the hole in the floor of Trailer 712.

23.

Plaintiff exercised ordinary care under the circumstances then existing.

24.

Plaintiff did not assume the risk of his injuries.

25.

Defendant's employees, acting within the scope of their employment, were negligent in failing to properly cover, repair, correct, remove, mark, and/or warn about the hole in the floor that Plaintiff stepped into, thereby creating an unreasonable risk of injury to its invitees, including Plaintiff.

26.

Defendant's employees, acting within the scope of their employment, knew of, or by the exercise of due care, should have known of the defective and hazardous condition(s) existing on the Subject Location, and that the failure to properly cover, repair, correct, remove, mark, and/or warn about the said condition(s), which was likely to result in injuries.

27.

Defendant's employees, acting within the scope of their employment, failed to reasonably inspect the premises of the Subject Location and keep them safe.

28.

Defendant's employees, acting within the scope of their employment, failed to keep the premises of the Subject Location in repair.

29.

Defendant and its employees had actual knowledge of the defective and hazardous condition(s) existing on the premises of the Subject Location through the direct knowledge of its employees, agents, and inspections.

30.

Defendant and its employees had constructive notice and knowledge of the defective and hazardous condition(s) existing on the premises of the Subject

Location due to the presence of its agents within the immediate area of the hazardous condition, and due to the existence of the condition(s) for an unreasonable period of time.

31.

Although Defendant knew, or in the exercise of reasonable diligence, should have known of the risks of injuries to its invitees from said hazardous condition(s) existing on the premises of the Subject Location, Defendant negligently failed to take reasonable precautions to guard against the dangerous condition(s) and failed to protect its invitees, including Plaintiff.

32.

Defendant's employees failed to control, supervise and manage the maintenance work on the premises of the Subject Location with the due care exercised by individuals in like or similar circumstances and controlled, supervised and managed the maintenance work in a manner showing a disregard for the safety of others, including Plaintiff.

33.

The actions of Defendant's employees constitute negligence in controlling, supervising and managing the maintenance work on the premises of the Subject

Location contrary to the reasonable and safe conditions and circumstances then existing.

34.

Defendant's employees were negligent and said negligence proximately caused Plaintiff's injuries in one or more of the following ways:

a) Violation of O.C.G.A. § 51-3-1 by failing to use ordinary care to keep the premises of the Subject Location safe;

b) In failing to properly inspect and maintain the premises of the Subject Location;

c) In failing to keep the premises of the Subject Location in repair;

d) In violating O.C.G.A. § 44-7-14;

e) In failing to post or maintain appropriate warning signs or warning markings;

f) In failing to ensure the construction work on the premises of the Subject Location was adequately performed, controlled, managed and supervised;

g) In failing to properly train and supervise its agents/employees in regard to the care and maintenance of the premises of the Subject Location; and

h) In negligently retaining, entrusting, hiring, training, and supervising said agents/employees.

35.

As a direct and proximate result of the negligence of Defendant's employees, Plaintiff sustained serious injuries and pain and suffering.

36.

The negligence of Defendant's employees was a cause in fact and proximate cause of Plaintiff's injuries and pain and suffering.

**ALLEGATIONS OF NEGLIGENCE *PER SE* AGAINST DEFENDANT**

37.

Plaintiff realleges and incorporates all of the allegations set forth above as if fully restated herein by this reference.

38.

Defendant had a duty to provide, maintain, and/or inspect the grounds of the Subject Location to prevent hazardous conditions pursuant to the Occupational Safety and Health Administration's ("OSHA") Laws and Regulations, Title 29 Code of Federal Regulations, Part 1926 ("OSHA Standards"), and the contract plans and specifications.

39.

At all relevant times, Defendant had a duty to ensure their contractors, agents, employees and/or representatives were in compliance with OSHA's Standards.

40.

Defendant had a duty to appropriately manage the Subject Location to ensure all requirements of the contract, including the guidelines set forth in OSHA's Standards were followed by the contractors, their agents, employees, and/or representatives on the Subject Location.

41.

OSHA Standards require that "each employee on a walking/working surface shall be protected from tripping in or stepping into or through holes by covers." 29 C.F.R. § 1926.501(b)(4)(ii).

42.

OSHA Standards require that "[c]overs shall be capable of supporting without failure, at least twice the weight of employees, equipment, and materials that may be imposed on the cover at any one time." 29 C.F.R. § 1926.502(i)(2).

43.

OSHA Standards require that "all covers shall be color-coded or they shall be marked with the word "HOLE" or "COVER" to provide warning of the hazard." 29 C.F.R. §1926.502(i)(4).

44.

The mandatory regulations of OHSA's Standards have the force and effect of

law in the State of Georgia to which the contractors had a duty to comply including specifically in the performance of their work at the Subject Location.

45.

On April 14, 2020, Plaintiff fell within the class of persons that OSHA's Standards and contractual requirements and other applicable laws concerning fall protection were intended to protect.

46.

Defendant, through its employees, breached its duties and was negligent in failing to inspect the Subject Location and failing to ensure the floor of the classroom in Trailer 712 was secure and safe for traversing and failing to ensure that proper markings were provided by Defendant and its employees on the Subject Location.

47.

Defendant, through its employees, negligently failed to set up, maintain or inspect the Subject Location for hazardous conditions, in particular failing to properly cover holes in a safe manner and in compliance with OSHA's Standards, and the contract plans and specifications.

48.

Defendant, through its employees, negligently failed to maintain, construct or inspect the Subject Location so as to protect those coming onto the Subject Location,

including Plaintiff, from unexpected and hazardous conditions.

49.

Defendant, through its employees, negligently failed to inspect and monitor the Subject Location, and in particular, the impact of construction on the ability of those coming onto the Subject Location to safely traverse the Subject Location.

50.

Defendant's employees negligently covered the hole in the floor without any markings in such a way that it obstructed the visibility to the naked eye.

51.

Defendant, through its employees, breached its duties and was negligent in failing to monitor and inspect the Subject Location to ensure the floor was secure and properly marked as set forth in OSHA's Standards.

52.

Defendant's breach of its duties to comply with OSHA's Standards constitutes negligence *per se* under Georgia law.

53.

The above negligent acts and omissions of Defendant's employees created a hazardous and unreasonably dangerous condition at the Subject Location which proximately caused Plaintiff's serious personal injuries.

# DAMAGES

54.

Defendant and its employees directly and proximately caused the serious personal injuries to Plaintiff through one or more of the negligent acts or omissions alleged above. Therefore, Defendant is liable for all damages available under Georgia law.

55.

Plaintiff is entitled to recover all elements of general and special damages allowed under applicable law and supported by the evidence, including but not limited:

a) Personal injuries;

b) All elements of past, present and future pain and suffering, both mental and physical;

c) Mental anguish, fright, shock, and terror;

d) Permanent injury;

e) Loss of enjoyment of life;

f) Past and future lost wages, earnings, and earning capacity; and

g) Past and future medical and incidental expenses.

56.

Defendant has acted in bad faith, have been stubbornly litigious, and have

caused Plaintiff unnecessary trouble and expense, entitling Plaintiff to recover from Defendant expenses of litigation, including attorneys' fees, pursuant to O.C.G.A. § 13-6-11. Such an award is identified under Georgia law as part of the damages and is based on conducting arising from the transaction underlying the cause of action.

WHEREFORE, Plaintiff prays for a summons be issued requiring Defendant to answer and for judgment to be entered against Defendant for the following:

a) Medical, doctor, and rehabilitation expenses in an amount to be proven through the evidence at the time of trial for the past, present and future;

b) All elements of physical and mental pain and suffering compensable under Georgia law, for the past, present and future;

c) All general, special, compensatory, economic, incidental, consequential, punitive, and all other permissible damages and expenses supported by the evidence in an amount to be determined at the time of trial;

d) Plaintiff be awarded damages for lost wages, loss of earning capacity, and lost capacity to labor in an amount for the past, present and future which will be proven at the time of trial through the evidence;

e) Plaintiff be awarded expenses of litigation, including attorneys' fees, pursuant to O.C.G.A. § 13-16-11; and

f) All further losses and recovery as deemed proper by the Court.

This 17th day of May, 2022.

        Respectfully submitted,

        **SHIVER HAMILTON CAMPBELL, LLC**

        */s/ Kyle G.A. Wallace*
        Jeff P. Shiver
        Georgia Bar No. 001303
        Kyle G.A. Wallace
        Georgia Bar No. 734167

        ***Attorneys for Plaintiff***

3490 Piedmont Road, Suite 640
Atlanta, Georgia 30305
Phone: (404) 593-0020
Facsimile: (888) 501-9536
jeff@shiverhamilton.com
kwallace@shiverhamilton.com